ACOSTA, DEMANDANTE Y APELANTE, *v.* PANZARDI, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre daños y perjuicios.

No. 2526.—Resuelto en enero 19, 1923.

RESCISIÓN DE CONTRATO—DEVOLUCIÓN DE COSA OBJETO DE LA RESCISIÓN DE CONTRATOS—INDEMNIZACIÓN DE PERJUICIOS.—Cuando el obligado a devolver una cosa como consecuencia de la rescisión de un contrato no trata de devolverla

en tan buena condición como estaba cuando la recibió, el contratante con derecho a la restitución tiene derecho a obtener la indemnización a que se refiere el artículo 1262 del Código Civil Revisado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. E. López Tizol.*

Abogado del apelado: *Sr. H. R. Francis.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

A cambio de un truck que había de venir de los Estados Unidos, el apelante entregó al apelado un automóvil y algunos pagarés. Debido a las condiciones existentes con motivo de la guerra, el truck no podía ser entregado y las partes convinieron en rescindir el contrato. Los pagarés fueron debidamente devueltos o arreglados. No existe disputa alguna de que por el convenio celebrado entre las partes el automóvil había de pasar a la posesión del apelante. Hay cierta duda de si el apelado incurrió en la obligación de entregar el automóvil, o si era el deber del apelante de ir a buscarlo. La corte inferior, según revela su opinión, creyó que el apelante estaba en el deber de ir a buscar el automóvil y que dejó de hacerlo. La opinión muestra a la vez que la corte se negó a considerar la cuestión de los daños y perjuicios.

El artículo 1262 del Código Civil prescribe lo siguiente:

"Artículo 1262.—La rescisión obliga a la devolución de las cosas que fueron objeto del contrato con sus frutos y del precio con sus intereses; en consecuencia sólo podrá llevarse a efecto cuando el que lo haya pretendido pueda devolver aquello a que por su parte está obligado.

"Tampoco tendrá lugar la rescisión cuando las cosas objeto del contrato se hallaren legalmente en poder de terceras personas que no hubiesen procedido de mala fe.

"En este caso podrá reclamarse la indemnización de perjuicios al causante de la lesión."

Este artículo impone a la persona que está en posesión de una cosa que ha de devolverse, que realmente la devuelva.

Existe alguna prueba de que el apelado pretendió devol-

ver el automóvil aunque nos inclinamos al parecer, como declaró probrado la corte inferior, de que el caso fué juzgado por virtud de la teoría de que dicho automóvil se encontraba a la disposición del apelante, y que la prueba no demuestra la debida gestión por devolver el automóvil.

Decimos "una debida gestión para devolver el automóvil," porque si bien tenemos duda de si se hizo un verdadero esfuerzo por devolverlo, sostenemos que de conformidad con el artículo 1262, *supra*, era el deber del apelado devolver la máquina en tan buena condición como la recibió.

En detalles de menor importancia, por lo menos, la prueba revela que el automóvil no estaba al tener lugar la rescisión o subsiguientemente en tan buena condición como cuando se recibió. Parece existir cierta posibilidad o hasta la probabilidad de que el automóvil pudo haberse puesto en buenas condiciones mediante ligeras reparaciones, pero sostenemos que el apelante no estaba obligado a recibir la máquina hasta que estas alegadas reparaciones menores fueran hechas. Por tanto, toda vez que no se trató de devolver el automóvil en tan buena condición como se recibió, el apelante de acuerdo con el artículo 1262, *supra*, tenía derecho a una indemnización.

El automóvil estaba valorado en $400, en lo que más o menos hubo conformidad, y el apelante tiene derecho a recobrar esta suma. Limitamos la cuantía a esta cantidad con sus intereses por la siguiente razón: Una persona con derecho a la devolución de una propiedad que desaría usar tiene cierto deber legal o social. Cuando un automóvil no está en perfecta condición ella puede recibirlo y repararlo, quizás. Por lo menos no debe confiar en la mera omisión en devolverse y quejarse de no poder usarlo, especialmente tratándose de un automóvil. El apelante siempre podría haber empleado $400, como abono a la compra de otra máquina y haber dedicado la nueva a aquellos usos que ahora se queja no pudo hacer. Entonces sus verdaderos daños y perjui-

cios hubieran sido $400 e intereses.   Artículo 1063 del Código Civil.

Asimismo, siendo ésta una revocación no vemos razón para no observar nuestra práctica corriente de no imponer costas en tal caso.

Debe revocarse la sentencia y dictarse otra a favor del demandante por la suma de $400 con intereses a partir de la fecha de la radicación de la demanda, pero sin costas.

> *Revocada la sentencia apelada, sin especial condenación de costas.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.